# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOUGLAS JONES, JR., # 226477,

        Petitioner,

v.                                      Case Number: 10-CV-13527
                                        Honorable George Caram Steeh

DEBRA SCUTT,

        Respondent.

_____/

## OPINION AND ORDER
## DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner John Douglas Jones, Jr., a state prisoner confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed his "Petition for Writ of Habeas Corpus" [dkt. # 1], on September 3, 2010, asserting that he is being held in violation of his constitutional rights. On April 8, 2008, Jones was convicted, by a Muskegon County circuit court, of uttering and publishing. He was sentenced as a habitual offender to forty-six months to forty years in prison. For the reasons stated, the Court will dismiss the petition without prejudice because Jones's claims are unexhausted. The Court also declines to issue a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

### I. BACKGROUND

Following his sentencing, Jones filed a direct appeal with the Michigan Court of Appeals, raising an ineffective assistance of counsel claim and various other issues which the Court of Appeals found incoherent. The Court of Appeals affirmed Jones's convictions and sentences. *People v. Jones*, No. 287910, 2010 WL 364205 (Mich.Ct.App. Feb. 2, 2010). He then filed his

application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court. On June 28, 2010, the Michigan Supreme Court denied Jones's application. *People v. Jones*, 486 Mich. 1047, 783 N.W.2d 357 (2010). Jones did not file a writ of certiorari with the United States Supreme Court. Rather, he filed a post-conviction motion with the state court on April 6, 2010. That motion remains pending.

In addition to filing his appeals with the state courts, on September 14, 2009, Jones filed a habeas petition in this District Court, which was assigned to The Honorable Bernard A. Friedman. The petition was dismissed without prejudice for failure to exhaust. *Jones v. Scutt*, No. 09-CV-13612, 2009 WL 3125115 (E.D. Mich. Sept. 24, 2009).

Pending before this Court is Jones's habeas petition filed on September 3, 2010.

## II. DISCUSSION

The instant petition must be dismissed because it contains claims that have yet to be dealt with by the state courts.

As a general rule, a state prisoner seeking federal-habeas relief must first exhaust his available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal-habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)

2

(citing *McMeans* ). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990) (issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Thus, here, the state courts must first be given a fair opportunity to rule upon Jones's habeas claims before he can present them to this Court. *Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). Otherwise, the Court cannot apply the 28 U.S.C. § 2254(d) standard.

In this case, Jones has not met his burden of demonstrating exhaustion of state-court remedies. His post-conviction motion remains pending with the state courts. Jones's method of properly exhausting his unexhausted claims in the state courts would be, after the state court issues an opinion in his motion for relief from judgment, he may appeal the disposition of that motion to the Michigan Court of Appeals and the Michigan Supreme Court. Therefore, Jones's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide the issues.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review Jones's unexhausted claims, such action would deny the state courts the deference to which they are entitled. The state

3

courts must first be given a fair opportunity to rule upon all of his claims before he litigates those claims in this Court; otherwise, the Court cannot apply the 28 U.S.C. § 2254 standard.

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277.

Jones has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he has already filed a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.*, raising his unexhausted claims. Once the trial court issues its decision, he may then pursue those claims in the state appellate courts.

The Court finds that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem in this case. The one-year limitations period does not begin to run until ninety days after the conclusion of Jones's direct appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). In this case, the limitations period would begin to run on or about September 26, 2010. Jones would then have one year in which to file his habeas petition or until September 27, 2011. Jones filed this habeas petition before the one-year period. Given that

4

the full one-year period remains, Jones has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

### III. CONCLUSION

For the reasons stated, the Court concludes that Jones has not exhausted his state-court remedies as to the claims contained in his habeas petition. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.

Before Jones may appeal this decision, a certificate of appealability (COA) must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DECLINES** to issue a COA. The Court also **DECLINES** to issue an application for leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R.App. P. 24(a).

Dated: September 9, 2010

             S/George Caram Steeh
             GEORGE CARAM STEEH
             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 9, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk